# Wood *v.* William Kane Manufacturing Company, Incorporated, Appellant.

*Negligence—Master and servant—Foreman—Helpers—Injuries caused by helper—Care in selection—Presumption.*

1. The presumption is that an employer has exercised proper care in the selection of employees, and it is incumbent upon one charging negligence in the employment of men to show it by proper evidence.

2. The mere relation of master and servant can never imply an obligation upon the part of the master to take more care of the servant than he may reasonably be expected to take of himself.

3. In an action of trespass to recover damages for personal injuries, where it appeared that plaintiff had charge of riveting boilers, and that he was supplied by defendant, his employer, with helpers to assist him in the work; that while a boiler was being tilted in the course of the work one of the helpers accidentally let go of the base whereby the boiler fell upon plaintiff, who was standing nearby, severely injuring him, but where there was nothing to show that the helper was incompetent for the work for which he was employed, and where it further appeared that plaintiff was

supervising the work and should have given any instructions or warning needed to aid the helper in the discharge of his simple duties, there was no evidence of negligence on the part of the defendant, and the court should have directed a verdict in its favor.

Argued Jan. 9, 1917.    Appeal, No. 126, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 993, on verdict for plaintiff, in case of Thomas Wood v. William Kane Manufacturing Company, Incorporated.   Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Frank P. Prichard,* for appellant.—There was no evidence of negligence on the part of the defendant in this case.

*John J. McDevitt, Jr.,* with him *Samuel G. Stem,* for appellee.—The defendant was negligent in failing to supply the plaintiff with an experienced and competent helper to assist him in the work in which he was engaged: Lebbering v. Struthers, Wells & Co., 157 Pa. 312; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Huntsinger v. Trexler, 181 Pa. 497; Smith v. Hillside Coal & Iron Co., 186 Pa. 28; Reese v. Clark, 198 Pa. 312; Rauhauser v. York Mfg. Co., 50 Pa. Superior Ct. 506.

OPINION BY MR. JUSTICE POTTER, March 5, 1917:

This was an action of trespass to recover damages for personal injuries.   Plaintiff, who had the management

of the boiler-making shop of the defendant company, charged his employer with negligence in failing to provide an experienced helper, which, as he alleged, resulted in his injuries. He was supplied with helpers, varying in number from three to six, who received instructions from him. On the day of the accident, plaintiff was engaged in riveting the base of an upright boiler. The base was not a perfect cylinder but was smaller at the top than at the bottom. It was about fourteen inches high and weighed about 250 pounds. Plaintiff suspended it by two hooks, from a crane, and asked two of the helpers to steady it, while he applied a pneumatic riveter. In order to secure proper contact it was apparently necessary to tilt the base slightly. The pneumatic riveter was applied under some pressure to the side of the base, and, when it was withdrawn, one of the helpers let go of the base, and it slipped from the hooks and fell, injuring plaintiff's hand. It appears from the evidence that Gordon, the helper in question, had been employed in the establishment about a year, but had never been called upon to assist in steadying a base of that particular description. It was, as plaintiff said, "something out of the ordinary," as to shape, and he had made but five of them during a period of three years. Plaintiff gave no instruction to the helper, Gordon, as to steadying the base while the riveting was being done. The service required was not complicated or difficult to perform. There is nothing in the evidence to show that the young man was incapable. He seems to have been taken by surprise at the effect upon the base of the removal of the pressure, and failed to hold on steadily. A word of caution in advance from the plaintiff, who was standing close by, would no doubt have prevented the accident. It cannot justly be charged to any lack of experience upon the part of the helper, in assisting to steady a piece of metal of that particular size and shape. It may very well be that, for the performance of complicated or difficult work involving danger, an employer

would be bound to furnish not only competent, but experienced men, especially for leadership and supervision. But in the present case, the plaintiff himself was supervising the work, and the part which the helper was called upon to perform was of the simplest possible character. He was asked to hold but little weight, and was merely to lay his hand upon the base to help steady it, while supported by the hooks.

If any instruction or warning was needed to aid him in the discharge of this very simple duty, the necessity for it arose upon the instant, and the word of caution should have come from the plaintiff, who was in immediate charge of the operation. The mere relation of master and servant can never imply an obligation upon the part of the master to take more care of the servant than he may reasonably be expected to take of himself.

The presumption is, that the employer has exercised proper care in the selection of employees, and it is incumbent upon one charging negligence, in the employment of men, to show it by proper evidence. The plaintiff here was acquainted with the helper, and knew he had been working in the shop for at least a year. The evidence shows no suggestion that any complaint as to incompetence upon the part of the helper was ever made by the plaintiff, or any one else. The fact that he was employed merely as a helper, is in itself an indication that, having proper capacity, he was expected to gain skill in the work and knowledge of its details, under the guidance and instruction of more experienced men, such as plaintiff, with whom he was associated.

We find nothing in this record to justify placing the legal responsibility for the results of the accident upon the defendant.

The first assignment of error is sustained, the judgment is reversed, and is here entered for defendant.